83722/Notice-Removal/JDG/lc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROCHELLE COWAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 17 CV 1392 ) |
| DEREK TURNER, TRANSPORT SERVICE, LLC, KENAN TRANSPORT SERVICE, LLC, KENAN TRANSPORT, LLC and KENAN ADVANTAGE GROUP, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

Now come the defendants, DEREK TURNER, TRANSPORT SERVICE, LLC, KENAN TRANSPORT SERVICE, LLC, KENAN TRANSPORT, LLC and KENAN ADVANTAGE GROUP, INC., by and through their attorneys JOEL D. GROENEWOLD and KOPKA PINKUS DOLIN PC, pursuant to 28 USC §§1332, 1441, and 1446 and hereby submit their Notice of Removal of this case from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, defendants state as follows:

1.   This matter arises out of a motor vehicle accident that occurred on February 7, 2015 on Interstate I-94 at or near 55th Street in Chicago, Cook County, Illinois. (See plaintiff's complaint attached as Exhibit A, filed on January 26, 2017 in the Circuit Court of Cook County, Law Division, under Docket Number 2017 L 00942).

2.   In her complaint, plaintiff alleges that she suffered "severe and disabling injuries" and will suffer injuries in the future. She further alleges that she was "greatly injured," and alleges property damage to her vehicle. (See Exhibit A, Count I, Paragraph 8). Plaintiff further

prays for "an amount more than $50,000 plus costs." (See Exhibit A, plaintiff's Prayer for Relief).

3. Upon information and belief, plaintiff's injuries required medical care and treatment and her medical bills alone are likely in excess of $50,000.00.

4. All that is required for Removal based on Diversity Jurisdiction is a "reasonable probability" that more than $75,000.00 is in controversy. See *Rising-Moore v. Red Roof Inns., Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). The nature of the claim alleged in the Complaint at law usually makes it simple for a judge to determine whether it is more likely true than not that the amount in controversy exceeds the jurisdictional requirement. See *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941-42 (N.D.Ill.2002) (the amount in controversy is generally "obvious" from a commonsense reading of the Complaint).

5. Here, plaintiff has complied with Illinois pleading requirements, which only allow a plaintiff to assert that his/her damages are greater or less than a certain amount. In this case, plaintiff is seeking damages "in excess of $50,000.00" based on claims of permanent disability, permanent pain and suffering, and injury and future damages. (See Exhibit A, Count I, Paragraph 8). The $50,000.00 mentioned in plaintiff's prayer for relief is merely a jurisdictional amount which allows the plaintiff's suit to proceed in the Law Division in the Circuit Court of Cook County.

6. Based upon the allegations in plaintiff's Complaint, there is a reasonable probability that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

7. Upon information and belief, and based upon plaintiff's Complaint, plaintiff Rochelle Cowan has been a resident and citizen of the state of Indiana at all relevant times.

2

8. At all times herein mentioned, defendant Kenan Advantage Group, Inc. has been a resident and citizen of the state of Delaware. (See Delaware Corporate listing, attached as Exhibit B).

9. Kenan Advantage Group, Inc. is a parent company to the other listed corporate defendants.

10. At all times mentioned herein, defendant Derek Turner has been a resident and citizen of the state of Illinois. (See Exhibit C, copy of Illinois Traffic Crash Report indicating Mr. Turner's Illinois address).

11. Accordingly, for purposes of determining whether Diversity Jurisdiction exits under 28 USC §1332C1, at all relevant times, the plaintiff was a resident and citizen of the state of Indiana and the defendants have not been residents or citizens of the state of Indiana.

12. For the foregoing reasons, this is an action wherein the United States District court for the Northern District of Illinois, Eastern Division, has original jurisdiction, pursuant to 28 USC §1332, because the matter in controversy exceeds the value of $75,000.00 exclusive of costs and interest, and the plaintiff and defendants are residents and citizens of different states.

13. Accordingly, Diversity Jurisdiction exits and this lawsuit was properly removed to this Court pursuant to 28 USC §1441 and §1446.

14. This Notice of Removal was timely filed by the defendants within the timeframe allotted by this Court pursuant to 28 USC §1446B.

15. Plaintiff's counsel has been or will be served with written notice of this Notice of Removal in accordance with the Federal Rules of Civil Procedure.

WHEREFORE, the defendants, DEREK TURNER, TRANSPORT SERVICE, LLC, KENAN TRANSPORT SERVICE, LLC, KENAN TRANSPORT, LLC and KENAN ADVANTAGE GROUP, INC., pursuant to 28 USC §1441, remove this action from the Circuit

Court of Cook County to this Court for further proceedings, and further for any additional relief that the Court deems just.

DEFENDANTS DEMAND TRIAL BY JURY.

Respectfully submitted,

DEREK TURNER, TRANSPORT SERVICE, LLC, KENAN TRANSPORT SERVICE, LLC, KENAN TRANSPORT, LLC and KENAN ADVANTAGE GROUP, INC.

/s/ Joel D. Groenewold
Attorney for Defendants

Joel D. Groenewold, Esq.
KOPKA PINKUS DOLIN PC
200 West Adams Street, Suite 1200
Chicago, Illinois 60606
312-782-9920
Email: jdgroenewold@kopakalaw.com
Attorney No. 6237227

## CERTIFICATE OF SERVICE

I, the undersigned, under penalty of perjury, certify that the parties listed below were electronically served a copy of this document at their respective e-mail addresses, on February 23, 2017.

James F. Coyne, Esq.
Coyne Reinke Law
120 W. Madison, Suite 900
Chicago, IL 60602
Email: jcoyne@coynereinkelaw.com

/s/ Ann Hourihan

Subscribed and sworn to before me this 23 day of February, 2017.

/s/ Leticia Corona
Notary Public

4

STATE OF ILLINOIS )
)
COUNTY OF COOK )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

ROCHELLE COWAN )
)
      Plaintiff )
)
v. ) No.
)
DEREK TURNER, TRANSPORT )
SERVICE, LLC, KENAN TRANSPORT )
SERVICE, LLC, KENAN TRANSPORT, )
LLC and KENAN ADVANTAGE )
GROUP, INC. )
)
      Defendants )

FILED-1
2017 JAN 26 PM 1:25
CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION

2017L000942
CALENDAR/ROOM C
TIME 00:00
PI Motor Vehicle

## COMPLAINT

### Count I – DEREK TURNER

NOW COMES the Plaintiff, ROCHELLE COWAN, by and through her attorneys, COYNE REINKE LAW complaining of the Defendant, DEREK TURNER, states as follows:

1. The Plaintiff, ROCHELLE COWAN, was and is at all times relevant a resident of the City of Hammond and State of Indiana.

2. The Defendant, DEREK TURNER, is and at all times relevant was a resident of the City of Maywood, County of Cook and State of Illinois.

3. That on or about February 7, 2015, and at all times and places hereinafter mentioned, the Plaintiff owned, operated, maintained and controlled a certain motor vehicle, in a southerly direction, along and upon I-94, at or near 55th Street, approximately 422 feet south of 55th Street, being public thoroughfares, in the City of Chicago, County of Cook and State of Illinois.

4. That on or about February 7, 2015, and at all times and places hereinafter mentioned, the Defendant owned, operated, maintained and/or controlled a certain motor vehicle, in a southerly direction, along and upon I-94, at or near 55th Street, approximately 422 feet south of 55th Street, being public thoroughfares, in the City of Chicago, County of Cook and State of Illinois.



5. That on or about the date aforesaid and at all times and places hereinafter mentioned, the vehicle of the Defendants came in contact with the motor vehicle of the Plaintiff.

6. That on or about the date aforesaid and at all times and places hereinafter mentioned, it then and there became and was the duty of the Defendants to exercise reasonable care and caution so as not to cause damage to or injury to the Plaintiff herein.

7. That on or about the date aforesaid, the Defendants, notwithstanding their duty, were then and there guilty of one or more of the following negligent acts or omissions:

   a. operated, maintained and controlled said motor vehicle on the aforesaid street so that the Plaintiff was greatly injured and the motor vehicle of the Plaintiff was greatly damaged;

   b. failed to keep proper and/or any lookout for traffic then and there lawfully proceeding upon the aforesaid street;

   c. failed to yield the right-of-way to other motor vehicles, in violation of the Statutes of the State of Illinois;

   d. followed the motor vehicle of the Plaintiff more closely than was reasonable, proper and prudent, having regard for traffic, the condition of the street and the use of the way;

   e. operated said motor vehicle in a reckless and/or dangerous manner with disregard for the safety of the motor vehicle of the Plaintiff lawfully present on the aforesaid street, in violation of Illinois Statute 5/11-503;

   f. in violation of Illinois Statute 5/11-601(a), the Defendant drove said motor vehicle at an excessive rate of speed that was greater than was reasonable, proper and prudent, having regard for traffic, the condition of the street and the use of way;

   g. the Defendant drove said motor vehicle at an excessive rate of speed that was greater than was reasonable, proper and prudent having regard for traffic, the condition of the street and the use of the way; and/or

   h. failed to stop and/or turn the course and/or reduce the speed of the motor vehicle in time to avoid a collision with other motor vehicles, although the Defendant knew or in the exercise of reasonable care and

caution should have known that one was imminent and had ample time and opportunity to avoid same.

8. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendants, the motor vehicle of the Defendants did then and there violently and forcefully collide with and strike the motor vehicle of the Plaintiff, thereby causing the Plaintiff to sustain severe and disabling injuries both internally and externally; that the Plaintiff has suffered, and may in the future suffer, great pain and anguish; that the Plaintiff has spent money and become liable for medical care and attention; that the Plaintiff was otherwise greatly injured and was caused to expend additional money as a result of said occurrence.

9. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, the motor vehicle of the Plaintiff was greatly damaged and/or depreciated in value and said Plaintiff was obliged to repair and/or replace same, all to the damage of the Plaintiff.

WHEREFORE, the Plaintiff, ROCHELLE COWAN, prays for a judgment against the Defendant, DEREK TURNER, in an amount in excess of the $50,000.00 jurisdictional limit of the Law Division of the Circuit Court of Cook County and additionally costs of said suit.

### Count II –

### TRANSPORT SERVICE, LLC, KENAN TRANSPORT SERVICE, LLC, KENAN TRANSPORT, LLC and KENAN ADVANTAGE GROUP, INC.

NOW COMES the Plaintiff, ROCHELLE COWAN, by and through her attorneys, COYNE REINKE LAW complaining of the Defendants, TRANSPORT SERVICE, LLC, KENAN TRANSPORT SERVICE, LLC, KENAN TRANSPORT, LLC and KENAN ADVANTAGE GROUP, INC., states as follows:

1. The Plaintiff, ROCHELLE COWAN, was and is at all times relevant a resident of the City of Hammond and State of Indiana.

2. That on or about February 7, 2015, and at all times and places hereinafter mentioned, these Defendant, TRANSPORT SERVICE, LLC, KENAN TRANSPORT SERVICE, LLC, KENAN TRANSPORT, LLC and KENAN ADVANTAGE GROUP, INC. were corporations authorized to do business under the laws of the State of Illinois.

3. That on or about the date aforesaid and at all times and places hereinafter mentioned, these Defendants, through their agents, servants and/or employees, were engaged in the business of Transportation and employed Defendant, DEREK TURNER, as an agent, servant and/or employee.

4. That on or about February 7, 2015, and at all times and places hereinafter mentioned, the Plaintiff owned, operated, maintained and controlled a certain motor vehicle, in a southerly direction, along and upon I-94, at or near 55th Street, approximately 422 feet south of 55th Street, being public thoroughfares, in the City of Chicago, County of Cook and State of Illinois.

5. That on or about February 7, 2015, and at all times and places hereinafter mentioned, the Defendants, through their agents, servants and/or employees, owned, operated, maintained and/or controlled a certain motor vehicle, in a southerly direction, along and upon I-94, at or near 55th Street, approximately 422 feet south of 55th Street, being public thoroughfares, in the City of Chicago, County of Cook and State of Illinois.

6. That on or about the date aforesaid and at all times and places hereinafter mentioned, the vehicle of the Defendants came in contact with the motor vehicle of the Plaintiff.

7. That on or about the date aforesaid and at all times and places hereinafter mentioned, it then and there became and was the duty of the Defendants to exercise reasonable care and caution so as not to cause damage to or injury to the Plaintiff herein.

8. That on or about the date aforesaid, the Defendants, through their agents, servants and/or employees, notwithstanding their duty, were then and there guilty of one or more of the following negligent acts or omissions:

   a. operated, maintained and controlled said motor vehicle on the aforesaid street so that the Plaintiff was greatly injured and the motor vehicle of the Plaintiff was greatly damaged;

   b. failed to keep proper and/or any lookout for traffic then and there lawfully proceeding upon the aforesaid street;

   c. failed to yield the right-of-way to other motor vehicles, in violation of the Statutes of the State of Illinois;

   d. followed the motor vehicle of the Plaintiff more closely than was reasonable, proper and prudent, having regard for traffic, the condition of the street and the use of the way;

   e. operated said motor vehicle in a reckless and/or dangerous manner with disregard for the safety of the motor vehicle of the Plaintiff lawfully present on the aforesaid street, in violation of Illinois Statute 5/11-503;

f. in violation of Illinois Statute 5/11-601(a), the Defendant drove said motor vehicle at an excessive rate of speed that was greater than was reasonable, proper and prudent, having regard for traffic, the condition of the street and the use of way;

g. the Defendant drove said motor vehicle at an excessive rate of speed that was greater than was reasonable, proper and prudent having regard for traffic, the condition of the street and the use of the way; and/or

h. failed to stop and/or turn the course and/or reduce the speed of the motor vehicle in time to avoid a collision with other motor vehicles, although the Defendant knew or in the exercise of reasonable care and caution should have known that one was imminent and had ample time and opportunity to avoid same.

9. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendants, the motor vehicle of the Defendants did then and there violently and forcefully collide with and strike the motor vehicle of the Plaintiff, thereby causing the Plaintiff to sustain severe and disabling injuries both internally and externally; that the Plaintiff has suffered, and may in the future suffer, great pain and anguish; that the Plaintiff has spent money and become liable for medical care and attention; that the Plaintiff was otherwise greatly injured and was caused to expend additional money as a result of said occurrence.

10. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, the motor vehicle of the Plaintiff was greatly damaged and/or depreciated in value and said Plaintiff was obliged to repair and/or replace same, all to the damage of the Plaintiff.

WHEREFORE, the Plaintiff, ROCHELLE COWAN, prays for a judgment against the Defendants, TRANSPORT SERVICE, LLC, KENAN TRANSPORT SERVICE, LLC, KENAN TRANSPORT, LLC and KENAN ADVANTAGE GROUP, INC. in an amount in excess of the $50,000.00 jurisdictional limit of the Law Division of the Circuit Court of Cook County and additionally costs of said suit.

Respectfully submitted,

James F. Coyne, Esq.
COYNE REINKE LAW
120 W. Madison, Suite 900
Chicago, IL 60602
(312) 853-9800
Atty. No: 59312

2/22/2017            Division of Corporations - Filing

Delaware.gov        Governor | General Assembly | Courts | Elected Officials | State Agencies

### State of Delaware
The Official Website of the First State

**Department of State: Division of Corporations**

Allowable Characters

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service Survey

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
Taxes
Expedited Services
Service of Process
Registered Agents
GetCorporate Status
Submitting a Request
How to Form a New Business Entity
Certifications, Apostilles & Authentication of Documents

Frequently Asked Questions    View Search Results

## Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number | 3346399 | Incorporation Date / Formation Date | 1/25/2001 (mm/dd/yyyy) |
| Entity Name | THE KENAN ADVANTAGE GROUP, INC. | | |
| Entity Kind | Corporation | Entity Type | General |
| Residency | Domestic | State | DELAWARE |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name | THE CORPORATION TRUST COMPANY | | |
| Address | CORPORATION TRUST CENTER 1209 ORANGE ST | | |
| City | WILMINGTON | County | New Castle |
| State | DE | Postal Code | 19801 |
| Phone | 302-658-7581 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status   ● Status,Tax & History Information [Submit]

[Back to Entity Search]

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov


EXHIBIT 6

| ILLINOIS TRAFFIC CRASH REPORT | | Sheet 1 of 1 Sheets | ISP 6095-20150210-135902 | | *2486225* | |
|---|---|---|---|---|---|---|

| INVESTIGATING AGENCY | | TYPE OF REPORT | | AGENCY CRASH REPORT NO. | TRFW |
|---|---|---|---|---|---|
| ILLINOIS STATE POLICE | | On scene | Injury | 03-15-01980-1 | 3 |
| ADDRESS NO. | HIGHWAY or STREET NAME | CITY | DATE OF CRASH | TIME OF CRASH | LARS CODE | VEH1 |
| NA | I-90/I-94 (SB) | CHICAGO | 02/07/2015 | 11:11 PM | | |
| | I-94 MILE POST 58 | COUNTY: COOK | | | LARS CODE | VEH2 |
| | NAME OF INTERSECTION OR ROAD FEATURE | | | | | |

Unit 1:
| NAME | DATE OF BIRTH | MAKE | MODEL | YEAR | DAMAGED AREA(S) | # LANES |
|---|---|---|---|---|---|---|
| COWAN, ROCHELLE Y | 05/31/1979 | Hyundai | Sonata | 2008 | | 4 |
| STREET ADDRESS | SEX | SAF | AIR | PLATE NO. | STATE | YEAR | | ALGN |
| 6726 OHIO AVE | F | 2 | 6 | V306873 | IL | 2015 | | 1 |
| | INJURY | EJECT | VIN | | | |
| HAMMOND IN 46323 | B | 1 | 5NPEU46C88H138303 | | | |
| TELEPHONE | DRIVER LICENSE NO. | STATE | CLASS | VEHICLE OWNER | INSURANCE CO. | |
| (773) 556-3252 | 3630-21-5635 | IN | D | COWAN, ROCHELLE Y | No insurance provided | |
| TAKEN TO | EMS AGENCY | OWNER ADDRESS | TELEPHONE | POLICY NO. | |
| ST. BERNARD | CHICAGO FIRE DEPT. | 6726 OHIO AVE, HAMMOND IN 46323 | (773) 556-3252 | NO PROOF | |

Unit 2:
| NAME | DATE OF BIRTH | MAKE | MODEL | YEAR | DAMAGED AREA(S) | |
|---|---|---|---|---|---|---|
| TURNER JR, DEREK L | 08/30/1980 | Western Star | 4900b Series | 2000 | | |
| STREET ADDRESS | SEX | SAF | AIR | PLATE NO. | STATE | YEAR | | RDEF |
| 1930 S 10TH AVE | M | 2 | 4 | PVY9295 | OH | 2015 | | 1 |
| CITY | STATE | ZIP | INJURY | EJECT | VIN | | BAC |
| MAYWOOD | IL | 60153 | O | 1 | 2WKEDDJ4YK065013 | | 96 U1 |
| TELEPHONE | DRIVER LICENSE NO. | STATE | CLASS | VEHICLE OWNER | INSURANCE CO. | BAC 96 |
| (708) 527-2831 | TG56-1726-0185 | IL | A | TURNER JR, DEREK L | Great American Insurance Company | |
| TAKEN TO | EMS AGENCY | OWNER ADDRESS | 1930 S 10TH AVE MAYWOOD, IL 60153 | TELEPHONE (708) 527-2831 | POLICY NO. GTP9568953 | |

| UNIT | SEAT | POS | SEX | SAF | AIR | INJ | EJCT | PASSENGERS & WITNESSES ONLY (NAME, ADDR, TEL) | HOSP | EMS |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | B | 1 | HERRON SHARENE Q, 2506 W LITHUANIAN PLAZA CT APT 2, CHICAGO, IL 60629, (773) 556-3252 | ST. BERNARD | CHICAGO FIRE DEPT. |

Unit 1:
| ARREST NAME | SECTION | CITATION NO. | CONTRIBUTORY CAUSE(S) | POSTED SPEED LIMIT |
|---|---|---|---|---|
| COWAN ROCHELLE Y | Oper of uninsured mtr veh | 8726155 | PRIMARY: 2- Failure to yield right-of-way | |
| | | | SECONDARY: 20- Imp/oper lane usage | |

Unit 2:
| ARREST NAME | SECTION | CITATION NO. | DATE NOTIFIED | TIME NOTIFIED |
|---|---|---|---|---|
| COWAN ROCHELLE Y | Imp lane usage/laned roadway | 8726156 | 02/07/2015 | 11:13 AM |
| OFFICER ID | SIGNATURE | BEAT / DIST | SUPERVISOR ID | COURT DATE | COURT TIME |
| 6099 | | 3 | | 03/27/2015 | 09:00 AM |


EXHIBIT C

| ISP-6099-20150210-135902 | DIAGRAM | | COMMERCIAL VEHICLE | | Unit 1 | |
|---|---|---|---|---|---|---|
| | | | CARRIER NAME | | | SOURCE |
| | | | | | | SIDE OF TRUCK |
| | | | ADDRESS | | | PAPERS |
| | | | | | | DRIVER |
| | I-94 SB Local lanes | Not to Scale | CITY STATE ZIP | | | LOG BOOK |
| | | | ID Number: | | | GVWR |
| | | | USDOT | | ICCMC | |
| 36 ft | | | OR State No. | State Name | | None |
| | | | HAZARDOUS MATERIALS | | PLACARDED? | |
| | | | IF YES: 4 DIGITS | 1 DIGIT | Name | N |
| | | | HAZARDOUS CARGO RELEASED FROM TRUCK? | | | |
| | | | VIOLATION OF HAZMAT REGS. CONTRIBUTE TO CRASH? | | | |
| | | | VIOLATION OF MCS REGS CONTRIBUTE TO CRASH? | | | |
| | | | INSPECTION FROM COMPLETED? | | | FORM NO. |
| | | Final resting position | HAZMAT | OUT OF SERVICE? | | |
| | | | MCS | OUT OF SERVICE? | | |
| | | First point of contact | IDOT PERMIT# | | WideLoad | |
| | | | TRAILER WIDTH(S) | TRAILER LENGTH(S) | | Vehicle Length Total - Ft |
| | Ramp to I-94 SB (locals) from 55th St. | | TRAILER 1 | TRAILER 1 | | No. Of Axles |
| | | | TRAILER 2 | TRAILER 2 | | |
| | | | Vehicle Configuration | Cargo Body Type | | LoadType |

NARRATIVE (Refer to vehicle by Unit No.)

Units #1 and #2 were southbound on I-94, 422 feet south of 55th street in the local lanes. The driver of Unit #2 stated he was maintaining his speed and driving within his lane. The driver of Unit #1 stated she had come down the on-ramp from 55th street and was in process of merging onto the interstate. She stated she attempted to merge into the lane but struck Unit #1. Unit #2's left front fender struck Unit #1's rear tandem axles on its trailer. Unit #1 spun around and again struck the rear trailer tires. This time, the tires ran over the hood of the vehicle and came to rest on top of it. No further contact was made to either vehicle.

The report was taken on scene.

All information was provided from the drivers of Units #1 and #2.
No further investigation. Case closed by reporting officer.

| COMMERCIAL VEHICLE | | Unit 2 | |
|---|---|---|---|
| CARRIER NAME | | | SOURCE |
| BXI LLC | | | X SIDE OF TRUCK |
| ADDRESS 100 KRAGEL RD, BLDG 3 | | | PAPERS |
| | | | DRIVER |
| CITY STATE ZIP | | | LOG BOOK |
| NORTH CANTON, OH 44720 | | | |
| ID Number: | | | GVWR 80000 |
| USDOT 445014 | | ICCMC | |
| OR State No. | State Name OH | | None |
| HAZARDOUS MATERIALS | | PLACARDED? | No |
| IF YES: 4 DIGITS | 1 DIGIT | Name | |
| HAZARDOUS CARGO RELEASED FROM TRUCK? | | | N |
| VIOLATION OF HAZMAT REGS. CONTRIBUTE TO CRASH? | | | N |
| VIOLATION OF MCS REGS CONTRIBUTE TO CRASH? | | | N |
| INSPECTION FROM COMPLETED? | | | FORM NO. |
| HAZMAT N | OUT OF SERVICE? | N | IL6099000268 |
| MCS N | OUT OF SERVICE? | N | |
| IDOT PERMIT# | | WideLoad | N |
| TRAILER WIDTH(S) | TRAILER LENGTH(S) | | Vehicle Length Total - Ft 52 |
| TRAILER 1 0-96" | TRAILER 1 40 | | No Of Axles 5 |
| TRAILER 2 | TRAILER 2 | | |
| Vehicle Configuration 6 | Cargo Body Type 3 | | LoadType 5 |

| LOCAL USE ONLY Nothing | |
|---|---|
| U1 Color: Black | U1 Towed By / To: AIRLINE / AIRLINE |
| U2 Color: Teal | U2 Towed By / To: / |